IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROHNRICO ARMAND BIRTFIELD, § <br> #58348-509, § <br>     Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br>     Respondent. § | No. 3:24-cv-00025-X (BT) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Rohnrico Armand Birtfield, a federal prisoner, filed a § 2255 motion, in which he set forth two claims. *See Birtfield v. United States*, Case No. 3:23-cv-2870-X (N.D. Tex.). The Court construed the second claim—one in which Birtfield argues that he did not receive proper credit for time served on his federal sentence—as a claim for relief under § 2241. *See United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988) (an action under § 2241 is the appropriate vehicle for a federal prisoner to seek credit for time served prior to the date of his federal sentence). Accordingly, the Court severed the second claim from the § 2255 action, and opened this action under § 2241. (ECF No. 1.) However, Birtfield is incarcerated at the Federal Correctional Institution in Jesup, Georgia (FCI Jesup). Pet. 14 (ECF No. 2). Therefore, the Court should DISMISS Birtfield's § 2241 claim without prejudice for lack of jurisdiction.

A § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A district court does not have jurisdiction to consider a § 2241 petition unless the federal prisoner or his custodian can be found within the court's jurisdiction. *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)). When a district court does not have jurisdiction over a § 2241 petition, the court should dismiss the petition without prejudice to permit the petitioner to file his claims in the proper court. *Id.* at 375.

Because Birtfield is incarcerated at FCI Jesup in Jesup, Georgia,[1] this this Court lacks jurisdiction over his § 2241 claim. The Court should DISMISS Birtfield's § 2241 claim without prejudice for lack of jurisdiction.

SO RECOMMENDED.

Signed January 22, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Jesup is located in Wayne County, Georgia, which is in the Brunswick Division of the Southern District of Georgia. 28 U.S.C. § 90(c)(5).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).